UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISBER CASTRO and MARIO CASTRO,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　　　　)　　　No. 10-cv-7211(ER)(PED)
　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
GREEN TREE SERVICING LLC, and　　　　)
KEVIN SMITH,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　　)

## DEFENDANTS' RESPONSE TO PLAINTIFFS' 56.1 STATEMENT OF FACTS

　　　1.　　　On or about August 11, 2004, Plaintiff Krisber Castro executed a note (the "Note") in the principal amount of $83,000 to National Bank of Kansas, secured by a mortgage (the "Mortgage") on the home she owns with her husband, Mario. [Declaration of Mario Castro in Support of Partial Motion for Summary Judgment (the "Mario Decl."), dated January 24, 2013, at ¶2; Declaration of Krisber Castro in support of Partial Motion for Summary Judgment (the "Krisber Decl."), dated January 24, 2013, at ¶2; Exhibits A and B to the Krisber Decl.]

　　　**Admit.**

　　　2.　　　The alleged debt Defendants sought to collect from the Castros was a consumer debt in that it was a consumer home-mortgage loan incurred for personal, family, and household use, and in no way related to a business. [Krisber Decl. at ¶3; Mario Decl. at ¶2; Exhibits A and B to the Krisber Decl.]

　　　**Admit.**

　　　3.　　　Neither Krisber nor Mario owns or operates a business. [Krisber Decl. at ¶3; Mario Decl. at ¶2]

**Admit.**

4.      The Castros are consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3). [Krisber Decl. at ¶3; Mario Decl. at ¶2; Exhibits A and B to the Krisber Decl.]

**Defendants decline to respond to this paragraph because it is a legal conclusion and not a statement of fact.**

5.      Mario Castro's name is on the Mortgage, but not on the Note. [*Id.*]

**Admit.**

6.      This was a second mortgage that the Castros took out on their home. [Krisber Decl. at ¶5]

**Admit.**

7.      In or about 2008, the Castros fell behind on the mortgage payments. [Krisber Decl. at ¶6; Mario Decl. at ¶2; Exhibit C to the Krisber Decl.]

**Admit.**

8.      Countrywide Home Loans, and then BAC Home Loan Servicing, LP (a division of Bank of America), sent Krisber Castro letters warning that she was in default on the Mortgage and threatening to take legal action. [Krisber Decl. at ¶7-8; Exhibits C and D to the Krisber Decl.]

**Admit that certain non-parties sent letters to the plaintiffs regarding their loan default. Deny the characterization of the letters as "warning" the plaintiffs. Deny the characterization of the letters as "threatening" the plaintiffs. Deny that such letters address taking legal action against the plaintiffs. [Exhibits C and D to the Krisber Decl.] Deny that this statement is material to any claims or defenses in this action.**

2

9.      In or around August 2009, Bank of America warned that Krisber Castro's "**account remains seriously delinquent**" and unless the total amount of $710.14 was paid, BAC would "proceed with collection action . . . ." [Krisber Decl. at ¶8; Exhibit D to the Krisber Decl.]

**Admit that certain non-parties sent letters to the plaintiffs regarding their loan default.  Deny the characterization of the letters as "warning" the plaintiffs. [Exhibit D to the Krisber Decl.] Deny that this statement is material to any claims or defenses in this action.**

10.      In or about August 2009, after the debt went into default, Green Tree undertook to collect the defaulted mortgage debt from the Castros. [Krisber Decl. at ¶6-10; Exhibit E to the Krisber Decl.; Exhibit 1 to the Declaration of Brian L. Bromberg, dated January 24, 2013 (the "Bromberg Decl.") at page 7, ¶4, 5, 10; Exhibit 2 to the Bromberg Decl. at page 7, ¶4, 5, 10; Exhibit 3, to the Bromberg Decl., the Rule 30(b)(6) Deposition Transcript of Defendants, at pages 234-36]

**Admit.**

11.      Green Tree is a "debt collector" as defined by 15 U.S.C. § 1692a(6). [*Id.*]

**Defendants decline to respond to this paragraph because it is a legal conclusion and not a statement of fact.**

12.      The Castros were in default when Green Tree acquired the right to try to collect their account. [*Id.*]

**Admit.**

3

13.    Sometime after September 18, 2009, Krisber Castro received a letter from

Green Tree, dated September 18, 2009. [Krisber Decl. at ¶10-15; Exhibit E to the Krisber

Decl.]

**Admit.**

14.    In its letter dated September 18, 2009, Green Tree purported to be collecting

the Mortgage on behalf of "Citizens Bank of Pennsylvania." [*Id.*]

**Deny, except admit that Green Tree identified Citizens Bank of Pennsylvania as**

**the creditor. [Exhibit E to the Krisber Decl.]**

15.    In its letter dated September 18, 2009, Green Tree claimed that on September

1, 2009, it had taken over servicing the mortgage and advised that:

> AS OF THE DATE OF THIS LETTER, YOU OWE $81,263.47.
> BECAUSE OF INTEREST, LATE CHARGES, AND OTHER
> CHARGES THAT MAY VARY FROM DAY TO DAY, THE
> AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER,
> HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN
> ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE
> YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU
> BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR
> FURTHER INFORMATION, CONTACT CUSTOMER SERVICE
> AT THE ADDRESS OR TOLL-FREE NUMBER LISTED ABOVE.
> [*Id.*]

**Admit.**

16.    Mario Castro also read the letter dated September 18, 2009 at or about the

time it was received. [Mario Decl. at ¶7]

**Admit that Mr. Castro purports to have read the September 18, 2009 letter.**

17.    On September 21, 2009, Green Tree sent Krisber Castro a letter offering

automatic payment services and advising that she would soon begin receiving monthly

4

mortgage statements from Green Tree. [Krisber Decl. at ¶17; Exhibit F to the Krisber Decl.; Mario Decl. at ¶8]

    **Admit.**

18.    At no time before demanding the $81,263.47 demanded in the letter dated September 18, 2009, did Green Tree accelerate the Note. [Krisber Decl. at ¶18]

    **Admit.**

19.    When Green Tree sent the letter demanding the full $81,263.47, Krisber Castro only owed a month or two of mortgage payments amounting to roughly $1,000. [Krisber Decl. at ¶19, 20; Exhibit G to the Krisber Decl.]

    **Deny that Green Tree sent a letter demanding the full debt amount of $81,263.47. The purpose of the September 18, 2010 letter, as stated therein, was to validate the amount of the debt as required by Section 1692g of the FDCPA. The letter does not demand payment of the entire debt nor any portion of the debt. The letter does not even request payment from the plaintiffs. [Exhibit E to the Krisber Decl.]**

20.    Green Tree sent Krisber Castro a bill, dated September 26, 2009, in which Green Tree demanded only $1,704.02, and advised that "Past Due Payment[s]" totaled only $1,021.20. [Krisber Decl. at ¶20; Exhibit G to the Krisber Decl.]

    **Admit that Green Tree sent the plaintiffs a monthly billing statement dated September 26, 2009 which set forth that $1,704.02 was due on October 16, 2009, consisting of a $682.82 current payment and a $1,021.20 past due payment. Deny the characterization that Green Tree "demanded" payment from the plaintiffs. [Exhibit G to the Krisber Decl.]**

21.    Accompanying the bill dated September 26, 2009, was a four -page form in which Green Tree advised that it would be sharing "personal information" about the Castros and their mortgage debt with various third-parties. [Krisber Decl. at ¶21]; Exhibit G to the Krisber Decl.]

**Deny, except admit that Green Tree advised the plaintiffs of certain types of account information typically disclosed to third parties by financial institutions, the purpose for such disclosure, and providing options for the plaintiffs to prevent or limit such disclosure, in accordance with Federal law. [Exhibit G to the Krisber Decl.]**

22.    Mario Castro also read the September 26, 2009 four-page form at or about the time it was received. [Mario Decl. at ¶9]

**Admit that Mr. Castro purports to have read the September 26, 2009 letter.**

23.    On or about October 28, 2009, Green Tree sent a letter entitled "90 Day Notice" warning that "YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY." [Krisber Decl. at ¶23-26; Exhibit H to the Krisber Decl.]

**Admit that Green Tree sent a letter to the plaintiffs dated October 28, 2009. Admit that the quoted language is contained therein. Deny the characterization of the letter as a "warning." [Exhibit H to the Krisber Decl.]**

24.    The 90 Day Notice dated October 28, 2009 advises that "As of 10/28/2009, your home is 73 days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of $1,704.02 dollars by 01/29/2010." [*Id.*]

**Admit.**

25.     In the 90 Day Notice dated October 28, 2009, Green Tree advises that "While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have." [*Id.*]

**Admit.**

26.     In the 90 Day Notice dated October 28, 2009, Green Tree also notes "If this matter is not resolved by 01/29/2010, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence)." [*Id.*]

**Admit.**

27.     Mario Castro also read the 90 Day Notice dated October 28, 2009 at or about the time it was received. [Mario Decl. at ¶10]

**Admit that Mario Castro purports to have read the October 28, 2009 letter.**

28.     Because there was no equity in the Castros' home, Green Tree did not intend to foreclose on the Castros' home. [Exhibit 3 to the Bromberg Decl., the Rule 30(b)(6) Deposition Transcript of Defendants, at pages 206-27]

**Admit that, once the 90 day notice expired, Green Tree determined not to commence suit against the plaintiffs under the circumstances then and there existing. [Exhibit 3 to the Bromberg Decl., the Rule 30(b)(6) Deposition Transcript of Defendants, at pages 206-27]**

29.     Soon after Krisber Castro received the letter dated September 18, 2009, introducing her to Green Tree and advising that she owed a balance of $81,263.47, even though the debt had never been accelerated, the Castros began receiving calls from a

collector employed by Green Tree by the name of Kevin Smith. [Krisber Decl. at ¶28; Exhibit I to the Krisber Decl.; Exhibit J to the Krisber Decl.; Exhibit 4 to the Bromberg Decl., the Deposition Transcript of Kevin Smith, at pages 104-11]

**Admit, except deny the implication that payment of the entire debt amount was demanded or even requested by Green Tree's September 18, 2009 letter. [Exhibit D to the Krisber Decl.]**

30.    Defendant Smith acted as a debt collector in his day-to-day contacts with consumers and more particularly, when he called the Castros and their neighbors. [Exhibit 4 to the Bromberg Decl., at pages 6-7 and 104-11; Krisber Decl. at ¶28-44; Exhibit I to the Krisber Decl.; Exhibit J to the Krisber Decl.; Mario Decl. at ¶3-6]

**Admit that Kevin Smith contacted the plaintiffs in an attempt to get them current on their loan payments. Deny that he called the plaintiffs' neighbors. [Exhibit 1 to Hansen Affidavit, p. 7].**

31.    Smith is a debt collector as defined by 15 U.S.C. § 1692a(6). [*Id.*]

**Defendants decline to respond to this paragraph because it is a legal conclusion and not a statement of fact.**

32.    Even though they were only slightly behind in their payments, Smith began a concerted effort to intimidate them into making payments in addition to their monthly payment. [*Id.*]

**Admit that plaintiffs were behind in their loan payments. Defendants decline to respond to the characterization of Kevin Smith's debt collection efforts as a "concerted effort to intimidate", as the same is argumentative and not a statement of fact.**

8

33.     Smith would frequently call the Castros numerous times a day at their home phone and on their cell phones to demand payment. [*Id.*]

**Admit that Kevin Smith placed calls both to the plaintiffs home phone and cell phone as part of an ongoing discourse regarding the plaintiffs' debt. Deny that this fact is material to any claim or defense.**

34.     Green Tree and its collectors called the Castros over 550 times. [*Id.*]

**Admit that Green Tree placed numerous calls to the Castros as part of an ongoing discourse regarding their debt. Deny that this fact is material to any claim or defense.**

35.     In or about Spring 2010, Smith started calling the Castros' neighbors to have them tell Mario and Krisber to return Smith's calls. [*Id.*]

**Deny. [Exhibit 1 to Hansen Affidavit, p. 7]**

36.     While engaging in these indirect communications, Smith wouldn't provide the Castros with notice that the communication was from a debt collector. [*Id.*]

**Deny. [Exhibit 1 to Hansen Affidavit, p. 7]**

37.     Defendant Smith left messages for the Castros in which he threatened to continue calling the Castros' neighbors and relatives unless they returned his calls. [*Id.*]

**Admit that Kevin Smith advised the plaintiffs that he may contact their neighbors to confirm that they still resided at the property. Deny that such calls were ever made. [Exhibit I to Krisber Decl.]. Defendants decline to respond to the characterization that Mr. Smith "threatened" the plaintiffs, as the same is argumentative and not a statement of fact.**

38.    In the numerous messages that Smith and his coworkers left, they failed to state that they were debt collectors. [*Id.*]

**Deny.  In all of the messages transcribed in the plaintiffs motion papers, the called identifies himself as either "Green Tree", "Kevin Smith", or both.  Kevin Smith and Green Tree were both known to the plaintiffs as debt collectors with respect to their past due mortgage payments.  [Exhibit I to the Krisber Decl., Exhibit 2 to Hansen Affidavit].**

39.    At some point in 2010, Green Tree also began leaving multiple telephone messages using an automated machine. [Krisber Decl. at ¶37-38; Exhibit I to the Krisber Decl.; Exhibit J to the Krisber Decl.]

**Admit, except deny that this fact is material to any claim or defense.**

40.    In the automated messages Green Tree left, Green Tree and its employees failed to identify the name of the company or that they were a debt collector. [*Id.*]

**Deny.  In all of the messages transcribed in the plaintiffs motion papers, the called identifies himself as either "Green Tree", "Kevin Smith", or both.  Kevin Smith and Green Tree were both known to the plaintiffs as debt collectors with respect to their past due mortgage payments.  [Exhibit I to the Krisber Decl., Exhibit 2 to Hansen Affidavit].**

41.    Within one year immediately preceding the filing of this action, Defendant Kevin Smith, on behalf of Defendant Green Tree, left the following message on the Castros' telephone voice mail:

> This is a message for Mario Castro. This is Kevin Smith with Green Tree. Please return my phone call. I'm not sure why you're avoiding me when I think we can talk about anything, whether it be good or bad news. My phone number is 1-800-628-

> 5071. My direct extension is 65305. I'll be here till 5 p.m. today. Hopefully     can     give     me     a     call     back.

[Krisber Decl. at ¶41; Exhibit I to the Krisber Decl; Exhibit J to the Krisber Decl.; Mario Decl. at ¶3; Exhibit 4 to the Bromberg Decl., at pages 104-05]

**Admit.**

42.     Within one year immediately preceding the filing of this action, Defendant

Kevin Smith, on behalf of Defendant Green Tree, left the following message on the Castros'

telephone voice mail:

> This is a message for Mario Castro regarding Krisber Castro. Mr. Castro, I'm trying to do everything I possibly can to assist you regarding this matter. But if I can't get any return phone calls, then I'm going to have to give your relatives and neighbors a call so that they can give you a message since you're not calling me back from the message that I'm leaving. If you want to give me a call back, my number is 1-800-628-5071. My direct extension is 65305.

[Krisber Decl. at ¶42; Exhibit I to the Krisber Decl.; Exhibit J to the Krisber Decl.; Mario Decl. at ¶4; Exhibit 4 to the Bromberg Decl. at pages 108-09]

**Admit.**

43.     Within one year immediately preceding the filing of this action, Defendant

Kevin Smith, on behalf of Defendant Green Tree, left the following message on the Castros'

telephone voice mail:

> This message is for Krisber Castro. Ms. Castro, please return my phone call. This is Kevin Smith. I do not want to trouble your neighbors or your relatives, so if you can give me a call back before noon today that would be wonderful. My number is 1-800-628-5071.     My     direct     extension     is     65305.

[Krisber Decl. at ¶43; Exhibit I to the Krisber Decl.; Exhibit J to the Krisber Decl.; Mario Decl. at ¶5]

**Admit.**

44.    Within one year immediately preceding the filing of this action, Green Tree left each of the messages contained on Exhibit J to the accompanying Declaration in Support of Krisber Castro – and transcribed on Exhibit I to the same declaration – for the Castros on their telephone voice mail. [Krisber Decl. at ¶44; Exhibit I to the Krisber Decl.; Exhibit J to the Krisber Decl.; Mario Decl. at ¶6]

**Admit.**

DATED:        February 7, 2013                    CARTER, CONBOY, CASE, BLACKMORE,
                                                                    MALONEY & LAIRD, P.C.

                                                        By:
                                                                JONATHAN E. HANSEN
                                                                Bar Roll No.: JH1129
                                                                Attorneys for Defendants
                                                                Office and P.O. Address
                                                                20 Corporate Woods Boulevard
                                                                Albany, NY  12211-2362
                                                                Phone: (518) 465-3484
                                                                E-Mail: jhansen@carterconboy.com