UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KRISBER CASTRO and
MARIO CASTRO,

                    Plaintiffs,

   -against-                      **10-cv-07211-ER-PED**

GREEN TREE SERVICING LLC,
and KEVIN SMITH,

                    Defendants.

---

# *REPLY MEMORANDUM OF LAW*

---

                           CARTER, CONBOY, CASE, BLACKMORE,
                              MALONEY & LAIRD, P.C.
                         Attorneys for Defendants
                         Office and P.O. Address
                         20 Corporate Woods Boulevard
                         Albany, NY  12211-2362
                         Phone: (518) 465-3484

## **PRELIMINARY STATEMENT**

Defendants, Green Tree Servicing LLC and Kevin Smith, submit this Reply Memorandum of Law in further support of their motion for partial summary judgment seeking (1) the dismissal of plaintiffs' TCPA claim, (2) in the alternative, a finding that defendants did not willfully violate the TCPA, and (3) a finding that plaintiffs' are limited to pursuing "garden variety" emotional distress damages only on their FDCPA claims.

### **ARGUMENT**

### **POINT I**

#### **THE AT-ISSUE PROVISION OF THE TCPA WAS INTENDED TO PROTECT CONSUMERS FROM INCURRING COSTS FROM INCOMING CALLS.**

Plaintiffs argue that one of the purposes of the TCPA was to protect consumers' privacy and that, as such, Green Tree violated the TCPA by placing calls to their cellular phones, despite the undisputed evidence that such calls never connected. (Defs. Rule 56.1 St. ¶¶8, 9, 11 and 12).

While it is true that one of the purposes of other provisions of the TCPA is to protect consumers' privacy, the plaintiffs have sued under one specific provision of the TCPA which has nothing to do with consumer privacy. This provision only prohibits calls made from an automatic dialer to a consumer's cellular phone. 47 U.S.C. Sec. 227(b)(1). "The ban on calls to wireless numbers was intended to protect consumers from *incurring costs* related to unsolicited in-coming calls", not to protect consumers' privacy. *See* Gragg v. Orange Cab Co., 2013 U.S. Dist. LEXIS 7474, *5 (W.D.Wa. Jan. 17, 2013) *citing* Rules and Regulations Implementing the TCPA, 68 Fed. Reg. 44144-01, 44166 (July 25, 2003); 73 Fed. Reg. 6041-01, 6042 (Feb. 1, 2008) (emphasis added).

Plaintiffs are advocating for an interpretation of the statute that is at odds with common sense. Under other provisions of the TCPA, debt collectors such as the defendants herein are expressly exempted from liability because of their business relationship with the consumer. Stuart v. AR Res., Inc., 2011 U.S. Dist. LEXIS 27025, *16 (E.D.Pa. March 16, 2011) citing 23 FCC Rcd. 559, 562 & 565 (2008). If the purpose of 47 U.S.C. Sec. 227(b)(1) was to protect consumer privacy, debt collectors such as the defendants would be exempt from this provision as well, because courts have recognized that it is not an invasion of privacy for a debt collector to communicate with a debtor. Id.

But this is not the case. Rather, as stated above, "[t]he ban on calls to wireless numbers was intended to protect consumers from *incurring costs* . . . ." Gragg, supra (emphasis added). As such, it should be completely irrelevant that Green Tree allegedly made thirty-four (34) calls to the plaintiffs' cell phone from an auto-dialer when there is absolutely no evidence that any of those calls ever connected, nor that the plaintiffs were charged as much as one (1) minute of time or one (1) penny for those purported calls. (Defs. Rule 56.1 St. ¶¶8, 9, 11 and 12).

## POINT II

### VOLUNTARILY PROVIDING ONE'S CELL PHONE NUMBER CONSTITUTES EXPRESS CONSENT UNDER THE STATUTE.

Plaintiffs argue that because they never provided specific consent for the defendants using an automatic dialer to call their cell phones, it was unlawful for the defendants to do so. Case law simply does not support the strict definition of consent proffered by the plaintiffs. Indeed, a New York district court has recently held that "persons

2

who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instruction to the contrary." Moore v. Firstsource Advantage, LLC, 2001 U.S. Dist. LEXIS 104517, *30-31 (W.D.N.Y. Sept. 15, 2011). As such, the knowing release of one's cell phone number is an all-encompassing consent to be called which is only limited, if at all, by the express instructions of the consumer to the contrary.

Here, it is undisputed that over the course of just a few months, the plaintiffs used their cell phones to initiate calls to Green Tree at least six (6) times. (Defs. Rule 56.1 St. ¶10). Meanwhile, Kevin Smith testified that it was his regular practice only to call a consumer's cell phone if given permission to do so by the consumer. (Defs. Rule 56.1 St. ¶¶16-17). Mario Castro knew that by calling the defendants from his cell phone, he would be in effect providing his cell number to them. (Defs. Rule 56.1 St. ¶7).

As such, the Court should hold that the plaintiffs consented to receiving calls on their cell phones from the defendants.

### POINT III

### IN THE ALTERNATIVE, THERE IS NO EVIDENCE THAT THE DEFENDANTS WILFULLY VIOLATED THE TCPA.

Plaintiffs argue in their opposition papers that the defendants must have knowingly violated the TCPA because they think "there is nothing wrong" with calling the plaintiffs' cell phone numbers after obtaining them from caller ID. This argument must fail.

It is true that the defendants are making the legal argument that, under the totality of the circumstances here, the defendants' conduct did not violate the TCPA. *See*

3

Case 7:10-cv-07211-ER   Document 73   Filed 02/28/13   Page 5 of 7

Ryabyshchuck v. Citibank, 2012 U.S. Dist. LEXIS 156176, *6 (S.D.Ca. Oct. 30, 2012) (courts should "look to the surrounding circumstances in determining whether particular calls run afoul of the TCPA, and in so doing, courts must approach the problem with a measure of common sense"). However, this does not mean that the defendants purposefully called the plaintiffs' cell phones without permission.

Indeed, Kevin Smith testified that it was his regular business practice not to call a consumer's cell phone without permission. (Defs. Rule 56.1 St. ¶17). Stewart Derrick testified that one of the plaintiffs' cell phone numbers was mistakenly and temporarily listed in Green Tree's computer system as a non-cell number, and once the mistake was identified, no further calls were made to that number. (Defs. Rule 56.1 St. ¶¶13-14). Green Tree employees were expressly instructed not to call consumers' cell phones using an auto-dialer without permission. (Defs. Rule 56.1 St. ¶15).

As such, there is no evidence that the defendants knowingly violated the TCPA, to the extent that they violated it at all. It is not hard to envision how such a mistake could have occurred, given that the plaintiffs periodically used their cell phones to initiate calls to Green Tree. This is precisely why, under the totality of the circumstances, the Court should hold that the defendants did not violate the TCPA as a matter of law. However, at the very least the Court should hold as a matter of law that the defendants did not wilfully violate the statute. The only evidence in the record regarding intent demonstrates that the calls were either made with permission or by mistake. Plaintiffs' incendiary argument that Green Tree purposefully called their cell phones without permission as a strong-arm tactic is completely speculative.

4

## POINT IV

### PLAINTIFFS MUST BE LIMITED TO GARDEN VARIETY EMOTIONAL DISTRESS DAMAGES ON THEIR FDCPA CLAIM.

Plaintiffs refused to allow the defendants to conduct discovery on their claims of emotional distress by expressly stating that they were claiming "garden variety" damages only. (Defs. Rule 56.1 St. ¶¶18-19). Now, not only are they trying to circumvent their previous (mis)representation on this issue but, incredibly, they are doing so by submitting evidence that goes well beyond the permissible scope of garden variety damages.

Specifically, garden variety damages must be expressed only in vague or conclusory terms, and must not address the severity or consequences of the claimed injury. MacMillan v. Millennium Broadway Hotel, 873 F. Supp. 2d 546 (S.D.N.Y. 2012). Thus, plaintiffs cannot introduce evidence, as they have attempted to do in their opposition papers, that Ms. Castro, *inter alia*, was pregnant at the time and suffered various physical symptoms as a result of the defendants' alleged conduct.

The Court should hold that it is simply too late for the plaintiffs to reopen discovery to expand the scope of the proof on this issue. However, if the Court is not inclined to grant the defendants summary judgment on this point, discovery must be opened back up for full discovery on these new claims, including the provision of medical authorizations and the re-deposition of both plaintiffs.

It is clear that the plaintiffs are trying to have it both ways. When they were asked to furnish medical authorizations to support their claims of emotional distress, they refused, claiming that the provision of medical authorizations was not required for garden variety

5

emotional distress damages.  (Defs. Rule 56.1 St. ¶¶18-19).  However, now that the defendants seek to hold the plaintiffs to their previous representation that they would only pursue garden variety emotional distress damages, they have attempted to submit evidence by affidavit to demonstrate that they have, in fact, suffered more than merely garden variety damages.

This attempted bait and switch must be rejected by the Court and summary judgment in favor of the defendants should be granted as to this issue.

## CONCLUSION

Based on the foregoing, the defendants' motion for partial summary judgment should be granted.

DATED:      February 28, 2013

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By:
JONATHAN E. HANSEN
Bar Roll No.: JH1129
Attorneys for Defendants
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2362
Phone: (518) 465-3484
E-Mail: jhansen@carterconboy.com

6